Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID POLIFRONI,  )<br><br>         Plaintiff     )<br><br>    v.           )<br><br>COMMERCIAL RECOVERY SYSTEMS,  )<br>INC.,          )<br>         Defendant    ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

DAVID POLIFRONI ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the State of New Jersey and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.    Plaintiff is a natural person residing in Haworth, New Jersey, 07641.

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a national debt collection company with corporate headquarters located at 8035 E.R.L. Thornton Freeway, Suite 220, Dallas, Texas, 75228.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.*  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

- 2 -

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

PLAINTIFF'S COMPLAINT

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.    Beginning in or around February 2011 and continuing until March 30, 2011, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18.    Defendant and its employees identified as "Regina Belle" and "Skylar Jackson," harassed Plaintiff in an attempt to collect the alleged debt.

19.    Defendant, its employees and servants harassed Plaintiff by making continuous calls to his cellular telephone number, home telephone number and work telephone number.

20.    Plaintiff received phone calls and voice messages from Defendant on a number of occasions from the following phone number (800) 214-5320; the undersigned has confirmed that the number belongs to Defendant.

21.    Plaintiff has received at times more than two (2) collection calls a day; more than ten (10) collection calls a week; and more than twenty (20) collection calls a month.

22.    Defendant has on occasion called Plaintiff more than four (4) times in one day.

23.    Defendant has left several voices messages for Plaintiff; these messages conveyed a false sense of urgency, indicating the calls were "extremely important" and it was "vital" he call back "immediately."

- 4 -

24.     On March 14, 20100; during a conversation with Defendant's representative "Regina Belle," Ms. Belle advised Plaintiff that non-payment is considered a crime and would appear on his credit report.

25.     During a subsequent conversation, on or around March 22, 2011, Plaintiff informed "Regina Belle" that he was at work and could not speak on the telephone and asked that she to call back at a more convenient time.

26.     "Regina Belle" replied: "this is the time that I have to talk;" and further indicated: "I do not give a shit that you are working, you owe money"

27.     Plaintiff immediately asked to speak with "Regina Belle's" supervisor, but she refused to transfer Plaintiff to a supervisor, stating that: "they [supervisor] will tell you the same thing, I can call you whenever I want."

28.     Defendant's representatives "Regina Belle" and "Skylar Jackson" have told Plaintiff on numerous occasions that he would be sued, a lien would be placed on his property, the alleged debt would be reported to the credit reporting agencies, and a judgment would be filed against him.

29.     On March, 26, 2011, March 28, 2011, March 29, 2011, and March 30, 2011, Plaintiff spoke with Defendant's representative "Skylar Jackson" who represented himself to be an attorney working for Defendant.

30.     During each conversation "Skylar Jackson" indicated he was going to file a judgment against Plaintiff if he did not pay the alleged debt.

31.     "Skylar Jackson" also threatened during calls on March 21, 2011 and March 30, 2011, that Defendant would get their money "any way they can"; this statement made Plaintiff feel threatened and worried.

32.     During one conversation "Skylar Jackson" pushed Plaintiff to negotiate a

- 5 -

PLAINTIFF'S COMPLAINT

payment plan; reluctantly, Plaintiff in good faith agreed to pay $100.00 every two weeks for the first couple of months and then possibly increase the bi-weekly amount.

33.   A couple days later, Plaintiff called "Skylar Jackson" to make his arranged payment and at that time "Skylar Jackson" informed Plaintiff that he would need to pay $1,000 to $1,500 up front or else a judgment would be filed against Plaintiff.

34.   When Plaintiff and "Skylar Jackson" could not resolve the payment plan issue, the call was terminated.

35.   "Skylar Jackson" called Plaintiff back at a later date and spoke with Plaintiff's wife, advising her that legal action would be taken against Plaintiff if $4,000 was not paid by March 31, 2011.

36.   Plaintiff's wife became scared that their credit would be ruined.

37.   Thereafter, "Skylar Jackson" repeatedly contacted Plaintiff's wife on her cellular telephone while she was at work, harassing her and trying to convince her to pay the alleged debt via a credit card payment.

38.   Plaintiff contacted "Skylar Jackson" on or around March 30, 2011 and informed him that he would not be paying the alleged debt and that he [Plaintiff] had hired an attorney.

39.   Plaintiff also demanded that "Skylar Jackson" cease and desist from contacting his [Plaintiff's] wife.

40.   Both "Regina Belle" and "Skylar Jackson" have threatened Plaintiff that they had the ability to damage his credit report.

41.   To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action previously threatened.

42.   Based on information and belief, Defendant did not intend to take these actions.

PLAINTIFF'S COMPLAINT

43.    Within five (5) days after the initial communication with Plaintiff, Plaintiff did not receive a letter notifying him of his rights and privileges under the law, specifically the right to dispute and/or request verification of the alleged debt.

44.    Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

45.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

46.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

47.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for

- 7 -

the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48.  In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

  a.  Defendant violated the FDCPA generally;

  b.  Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

  c.  Defendant violated § 1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the hearer;

  d.  Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

  e.  Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

- 8 -

f. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

g. Defendant violated § 1692e(7) of the FDCPA by falsely representing or implying that the Plaintiff committed any crime or other conduct in order to disgrace the consumer;

h. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

i. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

j. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

k. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, DAVID POLIFRONI, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

- 9 -

PLAINTIFF'S COMPLAINT

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID PROLIFRONI, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: 06/10/11                    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff

Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com

- 10 -

PLAINTIFF'S COMPLAINT