UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| David Polifroni, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 11-03362 (WHW) |
| | : | |
| Commercial Recovery Systems, Inc., | : | |
| | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Plaintiff David Polifroni moves for default judgment under Federal Rule of Civil Procedure 55(b)(2) on his claim against Commercial Recovery Systems for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA"). Because Mr. Polifroni has not demonstrated that Commercial Recovery Systems was properly served with the Summons and Complaint, the motion for default judgement is denied. Pursuant to Federal Rule of Civil Procedure 4(m), the Court sua sponte directs Mr. Polifroni to show cause no later than September 14, 2012 why this action should not be dismissed for failure to effect proper service on defendant Commercial Recovery Systems. During this period, the Court will extend the deadline under Federal Rule of Civil Procedure 4(m) to allow Mr. Polifroni an opportunity to validly serve Commercial Recovery Systems.

**FACTUAL AND PROCEDURAL BACKGROUND**

Beginning in February 2011, Commercial Recovery Systems' employees Regina Bell and Skylar Jackson allegedly contacted Mr. Polifroni to collect an unspecified debt. Compl. ¶¶ 17–18. Mr. Polifroni claims that these employees called him continuously over a period of several weeks on his home, work, and cellular numbers and allowed the phone to ring repeatedly or

**NOT FOR PUBLICATION**

continuously when he did not answer. Id. ¶¶ 19–22. He maintains that Regina Bell left voicemails that conveyed a false sense of urgency and that she used abusive, threatening, and profane language in later telephone conversations. Id. ¶¶ 23–28. Skylar Jackson, who introduced himself as an attorney for Commercial Recovery Systems, also allegedly made threatening and abusive telephone calls to both Mr. Polifroni and his wife. Id. ¶¶ 29–37. Despite Jackson's threats that the company would be taking legal action against Mr. Polifroni, Commercial Recovery has not done so and has not notified Mr. Polifroni of his rights and privileges as a debtor. Id. ¶¶ 41–43.

On June 10, 2011, Mr. Polifroni filed the present action claiming that Commercial Recovery Systems violated several provisions of the FDCPA. He argues that the pattern and substance of the telephone calls constituted harassment and abuse prohibited under 15 U.S.C. § 1692d. Id. ¶ 48. During the calls, he also alleges that Commercial Recovery Systems' employees made false, deceptive, and misleading representations to him in violation of 15 U.S.C. § 1692d. Id. He further contends that these practices were unfair or unconscionable methods of collecting the debt under 15 U.S.C. § 1692f. Id. Finally, Commercial Recovery Systems allegedly failed to provide the written notification required within five days of its initial communication under 15 U.S.C. § 1692g. Id. Under 15 U.S.C. § 1692k, Mr. Polifroni seeks the maximum statutory damages of $1,000 as well as costs and attorney fees. Mot. for Default J. 6.

On February 20, 2012, Mr. Polifroni requested and the Clerk made an entry of default against Commercial Recovery Systems for its failure to appear. After the Clerk entered a notice of call for dismissal pursuant to Local Civil Rule 41.1 on June 7, 2012, Mr. Polifroni moved for default judgment under Federal Rule of Civil Procedure 55(b) on June 21, 2012. Commercial Recovery Systems has not responded to the motion for default judgment. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (quotation omitted). Because default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits." Hritz, 732 F.2d at 1181. Cases should be "disposed of on the merits whenever practicable." Hritz, 732 F.2d at 1181. See also $55,518,05 in U.S. Currency, 728 F.2d at 194–95.

The Third Circuit has explained that three factors control whether a default judgment should ultimately be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and reach an "independent determination" regarding questions of law. Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted).

**NOT FOR PUBLICATION**

## DISCUSSION

In order to establish personal jurisdiction over a defaulting defendant, the court must find that the party was properly served with the summons and complaint or that the party waived this service requirement pursuant to Federal Rule of Civil Procedure 4. See Gold Kist v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (setting aside as void a default judgment where the district court lacked personal jurisdiction over the defendant based on improper service). Where the party is a corporation, Federal Rule of Civil Procedure 4(h)(1)(B) provides for service in the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Alternatively, by reference to Federal Rule of Civil Procedure 4(e)(1) for individuals, Federal Rule of Civil Procedure 4(h)(1)(A) provides for service of corporations "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Where service is contested, "the party asserting the validity of service bears the burden of proof on that issue." Grand Entm't Grp. v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993). In proving that a corporate defendant was validly served, the plaintiff must demonstrate that an alleged agent had authority to accept personal service on its behalf. Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 514–15 (3d Cir. 1971).

Mr. Polifroni contends only that he "perfected service upon Defendant by serving the Summons and a copy of the Complaint" on July 29, 2011. Mot. for Default J. 1. He generally cites the Return of Service for Commercial Recovery Systems filed on October 7, 2011. Id.; Req. for Default by David Polifroni against Commercial Recovery Systems, Inc. ¶ 2, ECF No. 6. In

**NOT FOR PUBLICATION**

this Return of Service, the process server Andrew Harris declared that he had personally served the Summons and Complaint on Wade Thunhorst on July 29, 2011. Summons Returned Executed, ECF No. 4, at 2. Harris identified Mr. Thunhorst as Commercial Recovery System's "(CFO) Chief Financial Officer." Id. at 2. Although the Summons listed the address for Commercial Recovery Systems as "8035 E R L Thornton Fwy" in Dallas, Texas, the Return of Service indicated that Mr. Thunhorst was served at "7222 Arbor Oaks" in Dallas. Id. at 1–2.

In a letter dated July 31, 2011, Mr. Thurhorst notified Mr. Polifroni's counsel and the Court that he was not authorized to accept service on behalf of Commercial Recovery Systems. Letter from Wade Thunhorst, ECF No. 3. Although Mr. Thunhorst acknowledged that he "once served as the Registered Agent and the General Counsel" for Commercial Recovery Systems, he stated that he "resigned both positions more than five years ago." Id. He directed Mr. Polifroni's counsel to the website of the Secretary of State of Texas for information on Commercial Recovery Systems' current Registered Agent and to the State Bar of Texas website for information on his current professional position. Id. Mr. Thunhorst further indicated that he had "no affiliation with this corporation" since his resignation and was "not authorized to accept service on its behalf or otherwise speak for it in this or any other matter." Id. He also described being served at his personal home rather than at Commercial Recovery Systems' place of business and provided a home address that is consistent with the Return of Service. Id.

Based on Mr. Thunhorst's representation that he is no longer employed by Commercial Recovery Systems, the Court cannot find that he was authorized as an officer of the corporation to personally accept service on its behalf at his home. Mr. Polifroni does not advance any legal basis for Mr. Thunhorst's authority to accept service and cites only the Return of Service for the representation that Mr. Thunhorst is Commercial Recovery Systems' CFO. Certif. of Amy L.

**NOT FOR PUBLICATION**

Bennecoff, Esq. in Supp. of Pl.'s Request to Enter Default Against Def. ¶ 4, ECF No. 6-1. Although Mr. Polifroni apparently relies on Mr. Thunhorst's position as an officer to establish his authority to accept service under Federal Rule of Civil Procedure 4(h)(1)(B), Mr. Polifroni does not challenge Mr. Thunhorst's representation to the Court that he is no longer an officer or even an employee of Commercial Recovery Systems. Mr. Polifroni also provides no alternative basis for the Court to find that Mr. Thunhorst continues to serve as an agent appointed or otherwise authorized under state or federal law to accept service on Commercial Recovery Systems' behalf. Based on this record, the Court finds that Mr. Polifroni has failed to meet his burden of establishing for the purposes of the motion for default judgment that the defaulting defendant here was validly served.

Based on Mr. Polifroni's failure to demonstrate that Commercial Recovery Systems was properly served for purposes of the motion for default judgment, the Court will also consider sua sponte the adequacy of service for purposes of maintaining the present action. The Complaint in this matter was filed more than a year ago on June 11, 2011. Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 120 days after the complaint is filed and does not waive the service requirement, a district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court may do so either "on motion or on its own after notice to the plaintiff."

In order to afford Mr. Polifroni adequate notice, this Court will allow Mr. Polifroni until September 14, 2012 to either validly serve the defendant Commercial Recovery Systems or otherwise show cause why the Court should not dismiss this action for his failure to effect valid service. Accordingly, the Court will extend the deadline for effecting service until September 14, 2012 and allow Mr. Polifroni an opportunity to take additional steps to validly serve Commercial

**NOT FOR PUBLICATION**

Recovery Systems even though the 120 day period has expired. Alternatively, Mr. Polifroni must demonstrate to the Court no later than September 14, 2012 that personal service on Mr. Thunhorst was a valid means of serving Commercial Recovery Systems.

## CONCLUSION

Because the Court finds that Mr. Polifroni has not demonstrated that the defaulting defendant Commercial Recovery Systems was properly served with the Summons and Complaint under Federal Rule of Civil Procedure 4, the Motion for Default Judgment (ECF No. 8) is denied. Pursuant to Federal Rule of Civil Procedure 4(m), the Court directs that Mr. Polifroni must either properly effect service on defendant Commercial Recovery Systems or otherwise show cause why this action should not be dismissed no later than September 14, 2012.

July 24, 2012

/s/ **William H. Walls**

United States Senior District Judge